

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAVID STEVEN LANKFORD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:11-CV-458-A |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, David Steven Lankford, a state prisoner currently incarcerated in Tennessee Colony, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

I. Factual and Procedural History

By this habeas petition, petitioner challenges a 2011 disciplinary proceeding conducted at the James V. Allred Unit of TDCJ, and the temporary loss of telephone, visitation, recreation

and commissary privileges, solitary confinement, and a reduction in class status from S-3 to L-1. (Disciplinary Hrg. R. at 1-2) Petitioner was charged in Disciplinary Case No. 20110203596 with assaulting a corrections officer, a level 3, code 3.3 violation. (*Id.* at 11) After receiving notice of the charges, petitioner attended a disciplinary hearing on March 22, 2011, during which he pled not guilty to the offense. (*Id.*) After considering the evidence admitted during the hearing, the hearing officer found petitioner guilty of the violation. (*Id.* at 1-2) Petitioner filed Step 1 and Step 2 grievances contesting the guilty finding, to no avail. (Disciplinary Grievance R. at 1-4) This federal petition for writ of habeas corpus followed.

### D. Issues

In one ground, petitioner claims that he was denied due process during the disciplinary proceeding and that his "19 punishments" for one violation was cruel and unusual punishment in violation of his rights under the Fifth, Eighth, and Fourteenth Amendments. (Pet. at 7; Pet'r Mem. at 3-7)

### E. Rule 5 Statement

Respondent believes exhaustion as required by 28 U.S.C. § 2254(b) is irrelevant to this petition as petitioner fails to raise a federal habeas corpus issue and believes the petition is

not subject to the limitations or successive-petition bar. (Resp't Preliminary Resp. at 4)

F. DISCUSSION

To the extent petitioner claims that he was denied due process under the Fifth and Fourteenth Amendments during the disciplinary proceeding, the claim fails. A state prisoner seeking federal habeas review pursuant to § 2254 must assert a violation of a federal constitutional right to be entitled to such relief. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). With regard to the temporary telephone, visitation, recreation, and commissary restrictions, disciplinary segregation, and reduction in line class status, such punishments present no issues of constitutional magnitude. *Sandlin v. Conner*, 515 U.S. 472, 487 (1995); *Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995); *McCray v. Sullivan*, 509 F.2d 1332, 1334 (5th Cir. 1975). In order to challenge a prison disciplinary proceeding by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release and have received a punishment


sanction which included forfeiture of previously accrued good time credits. *Malchi*, 211 F.3d at 958.

Petitioner claims he has been punished by the "continued loss of good time," apparently due to the line class reduction. As a result of such reduction, petitioner cannot earn good time credits as rapidly as he could before the disciplinary action. However, this is not a loss of previously accrued good time credits. This is a loss in the ability to earn such future credits as quickly as petitioner would like. The Disciplinary Report and Hearing Record confirms that petitioner did not lose previously earned good time credits. (Disciplinary Hrg. R. at 1-2) Therefore, his punishment does not implicate any protected liberty interests. *Madison*, 104 F.3d at 769 (holding that the state may create a constitutionally protected liberty interest requiring a higher level of due process where *previously earned* good-time credits are forfeited in a disciplinary action against an inmate eligible for mandatory supervised release). Absent some constitutionally protected liberty interest, due process does not attach to a prison disciplinary proceeding.[1]

---

[1] Even if petitioner had lost accrued good time credits and he could demonstrate a due process violation, he would not be entitled to federal relief because he is not eligible for mandatory supervision release based upon his holding conviction

Petitioner's claim under the Eight Amendment's prohibition against cruel and unusual punishment does not challenge the length or duration of his sentence, and is not properly maintained in a habeas corpus petition. *Preiser,* 411 U.S. at 493. Rather, this claim must be pursued in a § 1983 civil rights action.

Petitioner has failed to show that he has been denied a constitutionally protected interest warranting federal habeas relief.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a

---

for aggravated robbery. (Resp't Preliminary Resp., Ex. A) *See* TEX. GOV'T CODE ANN. § 508.149(a)(13) (Vernon Supp. 2010).

constitutional right.

    SIGNED November 21, 2011.

_____
JOHN McBRYDE
UNITED STATES DISTRICT JUDGE